UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUZANNE M. NATALE, as Administratrix of The ESTATE OF RICHARD NATALE,<br><br>Plaintiff,<br><br>v.<br><br>THE ESPY CORPORATION<br>WHITNEY HARRIS<br>MARK E. SMITH, and<br>THOMAS W. POTTHAST<br><br>Defendants. | Civil Action No. 13-cv-30008-MAP |

**STIPULATION AND PROPOSED ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, discovery proceedings in the above-captioned action (the "Litigation") would necessarily involve the production of certain information which the parties to the Litigation ("Parties") believe to be confidential and sensitive commercial, financial, or business information;

WHEREAS, the Plaintiff has pursuant to Texas law, sought to review books and records of The Espy Corporation that The Espy Corporation believes to be confidential and sensitive commercial, financial, or business information;

WHEREAS, the Plaintiff may be seeking discovery in this matter of the same and similar materials that The Espy Corporation believes to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26, by and among the Parties hereto through their undersigned counsel, that this Stipulation Governing the Production and Exchange of Confidential Information (the

"Stipulation") shall govern the handling of documents, depositions upon oral examination, depositions upon written questions, responses to interrogatories, responses to requests for admission, and responses to requests for documents, any other information produced, given or exchanged in this Litigation or any other information produced, given or exchanged pursuant to the Plaintiff's request to examine the books and records of The Espy Corporation under Texas law ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (a "Producing Party").

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation (hereinafter "Confidential Discovery Material").

2. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

　　A. In the case of documents or other materials (apart from depositions or other pretrial testimony), by: (i) affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.* CD-Rom, Floppy Disk, DVD).

　　B. In the case of depositions or other pretrial testimony, by: (i) a statement on the record, by counsel, at or before the conclusion of the deposition or testimony; or (ii) written notice, sent by counsel to all Parties within ten (10) business days

of receipt of the deposition or testimony transcript; provided that only those portions of the transcripts designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court. Unless otherwise agreed by the parties, depositions and other pretrial testimony shall be treated as Confidential Discovery Material until the fifth business day after counsel receives a copy of the transcript thereof.

3. The designation of Discovery Material as Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

4. The inadvertent failure to designate material as "Confidential" in accordance with the Stipulation does not constitute a waiver of such claim and may be corrected by supplemental written notice at any time, with the effect that such material will be subject to the protections of this Stipulation and Order from the time it is designated "Confidential." Upon receipt of such a supplemental designation, any receiving party that disclosed the material prior to its designation as "Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such material, (ii) to ensure that any paper or electronic documents derived from any such material, which paper and electronic documents may be retained by the receiving party, is treated as if the material had originally been designated "Confidential," and (iii) to ensure such material is not further disclosed except in accordance with the terms of this Stipulation and Order. If materials are redesignated "Confidential," any receiving party shall exercise best efforts to return to the producing party, or destroy all copies of, inappropriately designated materials. The parties shall exercise best efforts

to cooperate to protect later-designated materials that previously have been filed with the Court.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

    A. The Parties;

    B. Outside counsel and inside counsel for the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting in the preparation and trial of this Litigation;

    C. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document and their counsel;

    D. Experts or consultants necessary to assist counsel for the Parties, and partners, associates, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting in the preparation and trial of this Litigation;

    E. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Litigation or any appeal therefrom; and

    F. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed;

    G. Any non-Party witness if such person is employed by the same person or entity as a person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

    H. Deponents, trial or hearing witnesses and their counsel in preparation for and/or during deposition or trial hearings, provided that such witnesses and their counsel sign undertakings in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Stipulation, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulation, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted hereunder.

  6. Notwithstanding the above, Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel or the Parties, provided that such expert or consultant is using said Discovery Material solely in connection with this Litigation, and further provided that such expert or consultant signs an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Stipulation, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulation, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted hereunder.

  7. Confidential Discovery Material, or information derived therefrom, shall be disclosed only as set forth in this Stipulation and only for purposes of the settlement of the Estate of Richard Natale or this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

  8. Every person to whom Discovery Material is disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and

may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

9. Any party that intends to file or present to the Court any pleading, brief, memorandum, motion, letter, affidavit, exhibit, appendix or other document that discloses, contains, embodies, summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material (a "Court Document"), shall file a motion to impound such Court Document. All parties shall assent to a motion to impound such Court Documents. The Court Documents (or portions thereof containing Confidential Discovery Material) will then be filed with the Court only if the Court has granted the motion to impound. Any Court Documents containing Confidential Discovery Material:

    A. shall contain the applicable designation on the first page of the document;

    B. shall be filed in a sealed envelope or box, and affixed thereto shall be: (i) a copy of the impounding order, which should bear the title and caption of these actions; and (ii) a statement in substantially the following form:

**CONFIDENTIAL AND IMPOUNDED**

**Filed under seal in the matter of *Natale vs. The Espy Corp. et al.* (Civil Action No. 13-cv-30008-MAP) pursuant to a confidentiality protective order and pursuant to an order of impoundment. This is not to be opened except by the Court or pursuant to Court order.**

10. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be

6

treated as Confidential Discovery Material pursuant to this Stipulation. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

11. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation shall not:

    A. Prejudice in any way the rights of any Party or Producing Party to object to the production of documents or information they consider not subject to discovery;

    B. Prejudice in any way the rights of any Party or Producing Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    C. Operate as an admission by any Party or Producing Party that any particular Discovery Material constitutes Confidential Discovery Material;

    D. Prejudice in any way the rights of any Party or Producing Party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

    E. Prejudice in any way the rights of any Party or Producing Party to petition the Court for a further protective order concerning any purportedly Confidential Discovery Material; or

    F. Prevent any Party or Producing Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

12. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product or any other applicable privilege is inadvertently produced ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver

of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege.

    A.    A claim of inadvertent production shall constitute a representation by that Party that the Inadvertent Production Material has been reviewed by an attorney for such Party and that there is a good faith basis for such claim of inadvertent production.

    B.    If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, that Party shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    C.    A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, the party moving for an order compelling production shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or the substance (as opposed to the type or nature) of the material; while such an application is pending, the Discovery Material in question shall be treated as Inadvertent Production Material.

13.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by, this Stipulation.

14. Non-Parties who are Producing Parties shall have the benefit of this Stipulation, and shall be entitled to enforce its terms, if they agree to be bound hereby.

15. The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.

16. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom.

17. Within twenty (20) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, including any appeal therefrom, in which Confidential Discovery Material is permitted to be used, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such Confidential Discovery Material and certify to that fact. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product, provided that such counsel (and employees of such counsel) shall not disclose the court papers, deposition and trial transcripts or attorney work product to any person except pursuant to a court order or agreement with the Producing Party. Plaintiff shall be entitled to retain any Confidential Discovery Material to the extent that Plaintiff is entitled to such information or documents under its rights as an Espy shareholder under Texas law. Confidential Discovery Material shall survive and continue to be governed by this Stipulation even after the disposal of the litigation and the Parties shall continue to preserve the confidentiality of Confidential Discovery Material in the manner set forth herein.

18. If Plaintiff ceases to be a shareholder of Espy, it shall immediately either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such Confidential Discovery Material and certify to that fact. Again, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product, provided that such counsel (and employees of such counsel) shall not disclose the court papers, deposition and trial transcripts or attorney work product to any person except pursuant to a court order or agreement with the Producing Party.

19. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use unless such Discovery Material becomes part of the public record. Prior to any Court proceeding in which Confidential Discovery Material is to be used, Counsel shall confer on such procedures as are necessary to protect such Discovery Material.

20. If a Party in possession of Confidential Discovery Material receives a subpoena or other compulsory process from a non-party to this Stipulation seeking production or other disclosure of such Confidential Discovery Material, that Party shall, unless prohibited by law, give written and telephone notice to counsel for the Producing Party within three (3) business days after receipt of the subpoena or other compulsory process identifying the Confidential Discovery Material sought and enclosing a copy of the subpoena or other compulsory process. The Party receiving such a subpoena or other compulsory process from a non-party shall have no further obligations other than giving notice and providing a copy of the subpoena or other compulsory process as described in this section. If the Producing Party timely seeks a protective order, the Party to which the subpoena or other compulsory process was issued or served shall not produce

the Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material containing Confidential Discovery Material is produced to the non-Party, such material shall still be treated in accordance with the designation as Confidential Discovery Material by the Parties to this Stipulation.

21. The Parties will be responsible for any breach of this Stipulation by their agents. The Parties agree that non-breaching parties shall be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Stipulation. Such remedies shall not be deemed to be the exclusive remedies for a breach of this Stipulation but shall be in addition to all other remedies available at law or equity. The Parties agree to waive and to use their best efforts to cause their agents to waive, any requirement for the securing or posting of any bond in connection with such remedy.

22. The Parties agree that this Stipulation shall govern Discovery Materials produced by the Parties from this date forward, through disposal of the litigation and thereafter, superseding any and all prior agreements among the Parties with respect to confidential and sensitive commercial, financial, or business information, including the Confidentiality Agreement dated December 6, 2007. However, any documents or information previously produced by Espy pursuant to the Confidentiality Agreement dated December 6, 2007 shall continue to be governed by that Agreement.

September 27, 2013

Respectfully submitted,

DEFENDANTS THE ESPY CORPORATION, WHITNEY HARRIS, MARK E. SMITH, AND THOMAS W. POTTHAST,

By their counsel,

/s/ Jonathan L. Kotlier
Jonathan L. Kotlier (BBO # 545491)
Benjamin L. Mack (BBO # 661590)
Nutter McClennen & Fish LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
T: 617-439-2683
F: 617-310-9683
jkotlier@nutter.com
bmack@nutter.com

September 27, 2013

Respectfully submitted,

SUZANNE M. NATALE, AS ADMINISTRATRIX OF THE ESTATE OF RICHARD NATALE

By their counsel,

/s/Andrew Levchuk
Andrew Levchuk (BBO# 545189)
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700 | P.O. Box 15507 |
Springfield, MA 01115-5507
Direct: 413-272-6285 | Fax: 413-272-6807
alevchuk@bulkley.com | www.bulkley.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 27, 2013, this document (filed through the ECF system) will be sent electronically to the registered participant as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first-class mail, postage prepaid.

/s/ Jonathan L. Kotlier

SO ORDERED this 1st day of October, 2013.

_____
U.S. District Court Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE M. NATALE, as Administratrix of <br> The ESTATE OF RICHARD NATALE, <br><br> Plaintiff, <br><br> v. <br><br> THE ESPY CORPORATION <br> WHITNEY HARRIS <br> MARK E. SMITH, and <br> THOMAS W. POTTHAST <br><br> Defendants. | Civil Action No. 13-cv-30008-MAP |

**AGREEMENT TO BE BOUND BY STIPULATION GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

I have read the Stipulation Governing the Production and Exchange of Confidential Information (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the U.S. District Court for the District of Massachusetts for purposes of enforcement of the Stipulation.

_____

DATED:_____