UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE M. NATALE,<br>As administratrix of the ESTATE of<br>RICHARD NATALE,<br><br>Plaintiff,<br><br>v.<br><br>THE ESPY CORPORATION,<br>WHITNEY HARRIS, MARK E. SMITH,<br>and THOMAS W. POTTHAST,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Civil Action No. 13-30008-MGM<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER REGARDING REPORT AND
RECOMMENDATION AS TO PLAINTIFF'S MOTION
TO AMEND COMPLAINT
(Dkt. Nos. 52 and 88)

June 2, 2015

MASTROIANNI, U.S.D.J.

Magistrate Judge Katherine A. Robertson has recommended that Plaintiff's motion for leave to amend the complaint (Dkt. No. 52) be allowed as to Counts I, IV, and V, but denied as to Counts II, III, VI, and VII. (Dkt. No. 88, Report and Recommendation ("R&R").) The Report and Recommendation notified the parties that objections would have to be filed within fourteen days. (Id. at 18 n.6.) No objections have been filed. Upon de novo review, the court hereby ADOPTS the Report and Recommendation (Dkt. No. 88) in its entirety.

The court observes that decisions relative to motions to amend are largely discretionary and will therefore be made on a case-by-case basis. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ."); accord Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. Mass. 1996) ("Denial of a

motion to file an amended complaint is reviewed for abuse of discretion."). In assessing whether an amendment should be denied as futile, the court considers the stage of litigation at which the motion to amend was filed, see Glassman, 90 F.3d at 623; whether the plaintiff seeks to add new claims, or merely to amend factual allegations, compare Green v. Cosby, --- F. Supp. 2d ----, 2015 WL 1736487, *2-3 (D. Mass. Apr. 16, 2015) with Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117-119 (1st Cir. 2009); the potential for prejudice to the nonmoving party, see Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015); how the amended complaint relates to claims previously deemed to have fallen short on a 12(b)(6) challenge, see 61A Am Jur 2d Pleading § 731; and whether the proposed amended complaint would clearly and unequivocally fail under a 12(b)(6) analysis, see Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006); see also Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 200 (4th Cir. 2014).

Judge Ponsor ruled on an earlier motion to dismiss approximately eight months before the instant motion to amend was filed. Applying the 12(b)(6) standard, he found that Plaintiff had successfully crossed the plausibility threshold with respect to several of her claims and did not succeed in doing so with respect to several others. See Natale v. Espy Corp., 2 F. Supp. 3d 93, 98 (D. Mass. 2014). A substantive change to Texas law after his ruling is the basis of some but not all of the claims Plaintiff seeks to add. In her Report and Recommendation, Judge Robertson interprets all the counts in the proposed amended complaint as either entirely new claims or claims which were previously asserted in the original complaint but are now based in part on new legal theories. In light of this specific procedural posture and the age of this case, the court agrees with Judge Robertson's approach of deciding the motion to amend with reference to futility and the 12(b)(6) standard.

For the foregoing reasons, upon de novo review, the court hereby ADOPTS Judge Robertson's Report and Recommendation in its entirety. Using the CM/ECF procedures, Plaintiff should now docket the amended complaint in accordance with the Report and Recommendation.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge